244 So.2d 3 (1971)
B.C. BLAKENEY and Barney Blakeney
v.
Bernice BLAKENEY, Executor of Estate of James Daniel Blakeney, Deceased, et al.
No. 45846.
Supreme Court of Mississippi.
January 25, 1971.
Rehearing Denied February 15, 1971.
Pritchard, Neeld, Powell & Pierce, Jackson, for appellants.
Homer Currie, Raleigh, Barnett, Montgomery, McClintock & Cunningham, Jackson, for appellees.
SMITH, Justice:
B.C. Blakeney and Barney Blakeney appeal from a final decree of the Chancery Court of Smith County which cancelled as a forgery a deed purporting to have been executed by J.D. Blakeney conveying to B.C. Blakeney land and personalty, the decree also having cancelled a subsequent deed from B.C. Blakeney to Barney Blakeney which attempted to convey to him a portion of the property described in the forged instrument.
*4 J.D. Blakeney was a substantial landowner, owning land in both Smith and Simpson Counties, the same having comprised some 20 separate tracts as described in the allegedly forged instrument. Also embraced in this instrument were numerous items of the personal property of J.D. Blakeney, even including household furniture. The property purporting thus to have been conveyed to B.C. Blakeney comprised the substance of J.D. Blakeney's estate.
The deed bore date of October 26, 1966, and purported to have been witnessed by two persons who subscribed their names thereto.
More than two months after the date of the alleged making of the deed (during which time the deed was not filed for record), on January 2, 1967, J.D. Blakeney made a will which undertook to dispose of his real and personal estate to his children, grandchildren and other relatives. The next day, January 3, 1967, J.D. Blakeney died. Two weeks after J.D. Blakeney died, January 17, 1967, the execution of the purported date was "proved" by the affidavit of one of the "witnesses" and it was filed for record. On February 1, 1967, the executrix of the will, together with the devisees and legatees named therein, the latter claiming to be owners of the property comprising J.D. Blakeney's estate which, it was alleged, included the property described in the deed to B.C. Blakeney, filed their bill in the Chancery Court of Smith County seeking cancellation of the October 26, 1966 instrument as a forgery. The bill also sought cancellation of the subsequent deed made by B.C. Blakeney to Barney Blakeney as void because the grantor was without title to the property attempted to be conveyed.
Upon the trial, there was a sharply drawn factual issue as to whether the purported conveyance from J.D. Blakeney to B.C. Blakeney was or was not a forgery. The evidence adduced by the respective parties upon this issue was in irreconcilable conflict. Confronted with this issue, it was the province of the chancellor, as trier of facts, to resolve the conflicts, and, in so doing, the credibility of the witnesses and the weight of the evidence were matters exclusively for his determination. The chancellor resolved the issue against the appellants and found, as a matter of fact, that the October 26, 1966 instrument was a forgery and void, that it conveyed nothing to B.C. Blakeney and consequently no title passed under B.C. Blakeney's deed to Barney Blakeney.
Appellants assign for reversal only one alleged error:
The decree of the Court rendered in this cause setting aside and cancelling the deed from James Daniel Blakeney to B.C. Blakeney is contrary to the law and the evidence in the case.
On appeal, under numerous decisions of this Court, that evidence which supports or reasonably tends to support the decree, together with all inferences which may be reasonably drawn from it and which support the decree, must be accepted.
We have carefully reviewed the record and find that in deciding that the October 26, 1966 instrument was a forgery, the chancellor was amply supported by the evidence and as well by the circumstances. The issue below was purely factual and made upon irreconcilably conflicting evidence. We are unable to say that the chancellor was manifestly wrong and under the rule repeatedly announced by this Court the decree appealed from must be and is affirmed.
Affirmed.
ETHRIDGE, C.J., and RODGERS, BRADY and ROBERTSON, JJ., concur.